

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JUAN FIGUEROA, Petitioner, v. BLAIR LEIBACH, Respondent. | No. 04 C 2211<br>Judge Wayne R. Andersen |

## MEMORANDUM, OPINION AND ORDER

This matter comes before the court on respondent Blair Leibach's motion to dismiss [8-1] the petition for writ of habeas corpus filed by petitioner Juan Figueroa pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the motion is granted.

## BACKGROUND

Following a bench trial in the Circuit Court of Cook County, petitioner Juan Figueroa and his co-defendants Osbaldo Davila and Jose Lopez were convicted of first degree murder and attempted first degree murder. Figueroa was sentenced to a term of 50 years imprisonment for murder and a concurrent 20 year term for attempted first degree murder. Figueroa appealed, and on September 19, 1997, the Illinois Appellate Court affirmed his convictions and sentence. *See People v. Davila*, Nos. 1-96-1537, 1-96-1552, 1-96-1653 (1999) (consolidated). Figueroa filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on February 4, 1998. *See People .v Figueroa*, No. 84350 (1998).

On January 26, 1999, the Cook County Clerk's Office received and file-stamped Figueroa's state post-conviction petition. The State filed a motion to dismiss based on untimeliness. Figueroa filed a response. On June 15, 2001, the Circuit Court of Cook County granted the State's motion, dismissed Figueroa's post-conviction petition, and appointed a State Appellate Defender to represent Figueroa on appeal.

After his post-conviction petition was dismissed and while his appeal was pending, Figueroa filed his first federal habeas petition on September 13, 2001. *See United States ex. rel. Juan Figueroa v. Blair Leibach*, 2001 C 7127. Respondent filed a motion to dismiss for failure to exhaust because Figueroa's post-conviction proceedings still were pending in state court. On November 26, 2001, this court granted the motion to dismiss because Figueroa had not exhausted his state court remedies. Subsequent Seventh Circuit authority has clarified that a non-exhausted petition should be stayed and not dismissed, *Newell v. Hanks*, 283 F.3d 287 (7th Cir. 2002), but the court cannot go back and rewrite history. In any event, regardless of whether Figueroa's original habeas petition was stayed or dismissed with leave to reinstate, the timeliness of his request for federal habeas relief is properly before the court today.

Going back to Figueroa's state post-conviction proceedings, the State Appellate Defender representing Figueroa on appeal filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). On April 15, 2003, the Illinois Appellate Court granted the motion for leave to withdraw and affirmed the judgment of the Circuit Court of Cook County. *See People v. Figueroa*, No. 1-01-2562 (2003). Figueroa filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on October 7, 2003. *See People v. Figueroa*, No. 96269 (2003).

Figueroa's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dated as of February 24, 2004 but was not received by this court and filed until March 25, 2004. Respondent Leibach filed a motion to dismiss on June 1, 2004 asserting that Figueroa's habeas petition is time-barred. Figueroa filed his response on April 1, 2005, and respondent filed a reply on May 2, 2005.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody may petition a district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2244(d)(1) of the AEDPA provides that a state prisoner has one year to file a habeas corpus petition seeking relief from a criminal conviction from the latter of the date on which: (1) the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) an unconstitutional state-created impediment to filing the petitioner's application was removed; (3) "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *See Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir.2000). The one year limitations period, however, will be tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). With these considerations in mind, we now turn to the motion to dismiss Figueroa's petition for writ of habeas corpus as untimely.

3

As an initial matter, we first must calculate the date on which the statute of limitations would have expired unless a properly filed state post-conviction petition tolled the limitations period. Although Figueroa did not file a petition for a writ of certiorari to the United States Supreme Court after the Illinois Supreme Court denied his petition for leave to appeal on direct review, he is entitled to add the 90 day period in which he could have done so to the limitations period. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The Illinois Supreme Court denied his petition for leave to appeal on February 4, 1998. Ninety days after February 4, 1998 is May 6, 1998. Thus, the AEDPA one-year statute of limitations clock began running on May 6, 1998 the date judgment became final and would have expired on May 6, 1999 unless a properly filed post-conviction petition tolled the limitations period.

Figueroa filed his post-conviction petition on January 25, 1999, and it was received by the Cook County Clerk's Office on January 26, 1999. Therefore, the time between the date of the expiration of direct review and the date Figueroa filed his post-conviction petition was not tolled because nothing was "pending" in state court. *See Lloyd v. Van Natta*, 296 F.3d 630, 632 (7th Cir. 2002); *see also Love v. Trancoso*, 2004 WL 1660629, at *2 (N.D.Ill. 2004). Thus, between the conclusion of Figueroa's direct appeal proceedings on May 6, 1998 and the filing of his post-conviction petition on January 25 1999, there were 264 days during which the statute of limitations period was not tolled. *See* 28 U.S.C. § 2244(d)(2); *see also Tate v. Pierson*, 177 F. Supp. 2d 792, 799 (N.D.Ill. 2001).

Figueroa, however, contends that his habeas petition is not time-barred because he filed his post-conviction petition on August 26, 1998 and not January 25, 1999. Figueroa refers to the order entered by this court on November 26, 2001 in which his first habeas petition was

dismissed for failure to exhaust his state court remedies. Figueroa argues that this court made a specific finding of fact that his state post-conviction petition was filed on August 26, 1998. However, this court, in fact, did not make any specific finding as to the filing date for his state post-conviction petition.

Looking at Figueroa's first habeas petition, it is Figueroa who represented to the court that his post-conviction petition was filed on August 26, 1998, and the court relied upon his representations in identifying the filing date in its November 26, 2001 order. However, in his response to the motion to dismiss his post-conviction petition filed in the Circuit Court of Cook County, Figueroa admits that, while he thought his post-conviction petition had been filed on August 26, 1998, he, in fact, did not mail it until sometime after January 6, 1999. Specifically, Figueroa states that he did not file his post-conviction petition until January 25, 1999 and that it then was received by the Cook County Clerk's Office on January 26, 1999. Indeed, the file stamp on the petition is dated January 26, 1999. Thus, the relevant post-conviction filing date that we must use in our timeliness analysis is January 25, 1999 and not August 26, 1998.

Thereafter, Figueroa's post-conviction proceedings concluded on October 7, 2003 when the Illinois Supreme Court denied his petition for leave to appeal. Figueroa did not file a petition for writ of certiorari. However, he is not entitled to the benefit of the 90 days within which he could have filed such petition following the denial of his petition for leave to appeal on post-conviction review. *See United States ex. rel. Santiago v. Hinsley*, 297 F. Supp. 2d 1065, 1066 (N.D.Ill. 2003). Thus, as of October 7, 2003, Figueroa had 101 days (based on the January 25, 1999 filing date and not January 26 – the day on which is petition was received by the Clerk's Office) within which to file his habeas petition, or until January 17, 2004. Figueroa's habeas

5

petition is dated February 24, 2004 and was not filed until March 25, 2004. Therefore, it is time-barred.

## CONCLUSION

Based on the foregoing reasons, respondent Blair Leibach's motion to dismiss [8-1] is granted, and petitioner Juan Figueroa's petition for writ of habeas corpus is dismissed with prejudice.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: May 31, 2005